# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| DAVID BOURKE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 20 C 4427 |
| v. ) | |
| ) | Judge Jorge L. Alonso |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

Defendant moves for dismissal of Plaintiff's complaint under Federal Rules of Civil Procedure12(b)(1) and 12(b)(6) on the basis that: (1) this Court lacks subject-matter jurisdiction because Plaintiff's claim is subject to the Federal Employees Compensation Act ("FECA") and is therefore within the exclusive jurisdiction of the Department of Labor, and (2) Plaintiff's claims are time-barred under Illinois' four-year statute of repose . For the reasons set forth below, the motion is granted and Plaintiff's complaint is dismissed pursuant to Fed. R. Civ. 12(b)(1).[1]

## I. BACKGROUND

At the time relevant to his complaint, Plaintiff was employed as a reproduction operator by the Department of Veterans Affairs in Hines, Illinois. [Dkt. 7-2 at pg. 2]. Plaintiff filed the current action alleging medical malpractice against the Defendant under the Federal Tort Claims Act (hereafter "FTCA"), 28 U.S.C. § 2674. [Dkt. 1]. Prior to initiating this proceeding, Plaintiff pursued two administrative claims, which included: (1) a claim to the Department of Labor under

---

[1] Because the Court concludes that it lacks subject-matter jurisdiction and dismisses this action pursuant to Fed. R. Civ. P. 12(b)(1), the Court declines to consider Defendant's alternative argument based on the Illinois statute of repose and Fed. R. Civ. P. 12(b)(6).

the FECA and (2) a claim to the Department of Veterans Affairs under the FTCA. [*Id.* at ¶5; Dkt. 7-2 at pgs. 17-28].

**A. The Department of Veterans Affairs.**

On September 2, 2016, Plaintiff submitted a claim to the U.S. Department of Veterans Affairs (hereafter "VA") detailing the basis for his claim, the nature of his injury, and his hospital treatment. [Dkt. 7-2 at pgs. 25-28].[2] Plaintiff stated that on September 3, 2014 and September 11, 2014, he was exposed to hazardous chemicals and toxic fumes through the HVAC system from a VA-hired roofing contractor. [*Id.* at pg. 27]. According to Plaintiff's statement, the roofing contractor was repairing and resurfacing the roof of a building, which exposed Plaintiff and several other employees to fumes. *Id.* Plaintiff stated that as a result of these fumes, he was ill for several days and was hospitalized. *Id.* Plaintiff had a biopsy on his left lung, suffered from severe intestinal pain, and acquired an infection during his hospital stay. *Id.* Plaintiff claimed that as a result of this exposure and the subsequent medical treatment, he developed steroid-induced osteoporosis; a fracture of his thoracic vertebrae; compressional back fractures due to calcium loss from medication; degenerative spine; vertebrae fractures; various bulging discs; advanced stenosis of nerves and spinal cord; and a left inguinal hernia that was surgically repaired on August 22, 2016. *Id.*

---

[2] The Court may look beyond the factual allegations in the complaint and consider any evidence that has been submitted on the issue of subject-matter jurisdiction in order to determine whether such jurisdiction exists. *Capitol Leasing Co. v. F.D.I.C.*, 999 F.2d 188, 191 (7th Cir. 1993). Accordingly, the facts in these sections are taken from the Complaint, as well as documents appended to Plaintiff's and Defendant's briefs. These documents consist of the Department of Labor Decision of the Hearing Representative [Dkt. 7-2 at pgs. 2-5], Appellant David Bourke's Brief in Support of Appeal [Dkt. 7-2 at pgs. 6-15], the Department of Labor's Decision and Order dated August 30, 2018 [Dkt. 7-2 at pgs. 17-22; Dkt. 9 at pgs. 13-18], Plaintiff's Form 95 [Dkt. 7-2 at pgs. 25-28], U.S. Department of Veteran Affairs letter to Plaintiff dated January 30, 2017 [Dkt. 7-2 at pgs. 30-31], and U.S. Department of Veteran Affairs letter to Plaintiff dated January 31, 2020 [Dkt. 7-2 at pgs. 33].

On January 30, 2017, the VA sent a letter to Plaintiff stating that the office had completed its investigation into his claim and concluded that his claimed injuries occurred during his employment with the VA. [Dkt. 72-2 at pg. 30-31]. The letter further stated that during a telephone call with the Plaintiff, he stated that his claim was also for malpractice against the VA providers. *Id.* The letter informed Plaintiff that his claim was denied because the claim was governed by the FECA, not the FTCA, and advised him that he may file a request for reconsideration. *Id.* Plaintiff submitted a request for reconsideration of the VA's decision, which was denied on January 31, 2020 on the same basis. [Dkt. 7-2 at pg. 33].

**B. The Department of Labor.**

In addition to his VA claim, Plaintiff submitted a claim for multiple conditions premised on the same basis as his other administrative claim: exposure to toxic fumes on September 3 and 11, 2014. [Dkt. 7-2 at pg. 2]. Plaintiff sought compensation under the FECA for permanent and chronic back pain, degenerative disc disease, steroid-induced osteoporosis with fracture, steroid-induced testicular hypofunction, infectious colitis, enteritis and gastritis, blood poisoning, sleep apnea and rheumatic disorders of both mitral and tricuspid valves. *Id.* The Department of Labor exercised jurisdiction over the claim and denied it on January 11, 2018 on the basis that "the medical evidence did not establish that the claimant's medical conditions were causally related to his workplace exposure." [Dkt. 7-2 at pgs. 2-5]. Thereafter, Plaintiff, through counsel, requested a telephonic hearing, which was granted and held on June 26, 2018. [Dkt. 9 at pg. 16]. On August 30, 2018, the Department of Labor affirmed its denial on the basis that the Plaintiff had not discharged his burden of proof to establish that his injuries were causally connected to his exposure of fumes. [Dkt. 7-2 at pgs. 2-5].

On January 8, 2019, Plaintiff filed a timely appeal from the Department of Labor's merits decision on August 30, 2018. [Dkt. 7-2 at pgs. 6-15; Dkt. 9 at pg. 13]. In his brief submitted to the Department of Labor, Plaintiff argued that his conditions were related to the exposure of toxic fumes, detailing with specificity the occurrences on September 3, 2014 and September 11, 2014. [Dkt. 7-2 at pgs. 6-15]. In addition, Plaintiff laid out his subsequent medical treatment by VA providers and the complications he experienced. *Id.* Plaintiff argued that his initial conditions, as well as the subsequent complications, all began with his work-related exposure to toxic fumes, and that without that exposure Plaintiff would never have had a biopsy that led to an infection, hernia, or his misdiagnosed sarcoidosis and subsequent skeletal degeneration. *Id.*

On January 27, 2020, in a written "Decision and Order", the Department of Labor again denied Plaintiff's claim. [Dkt. 9 at pgs. 13-18]. The Department's order stated that it had jurisdiction over the merits of the claim, but that Plaintiff had not met his burden of proof to establish that his lung conditions were causally related to the accepted factors of his federal employment. *Id.* In reaching this decision, the appeals board reviewed 288 medical reports that Plaintiff submitted to describe his diagnosed conditions, and board concluded that none of them contained a narrative medical opinion regarding the cause of Plaintiff's diagnosed conditions. *Id.* Accordingly, the appeals board denied Plaintiff's claim, but advised him that he could submit new evidence or argument with a written request for reconsideration within one-year of that decision. *Id.*

Plaintiff filed the instant case on July 28, 2020, which seeks compensation for alleged medical malpractice that Plaintiff claims he received at the Hines Veteran Affairs Hospital after he averred that he had been injured by the exposure to toxic fumes. [Dkt. 1 at ¶10]. Now,

however, Plaintiff contends he was mistaken about the cause of his initial injuries, and that these injuries were not caused by his exposure to toxic fumes. [Dkt. 9].

## II. LEGAL STANDARD

When ruling on a motion to dismiss for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1), the Court must accept as true all well-pleaded factual allegations and draw reasonable inferences in favor of the plaintiff. *Rueth v. EPA*, 13 F.3d 227, 229 (7th Cir. 1993). The Court may, however, properly look beyond the jurisdictional allegations of the complaint and review any evidence that has been submitted on the issue to determine whether subject matter jurisdiction exists. *Capitol Leasing Co.*, 999 F.2d at 191 (per curiam) (quoting *Grafon Corp. v. Hausermann*, 602 F.2d 781, 783 (7th Cir. 1979)).

## III. DISCUSSION

### A. The Federal Employees Compensation Act.

The Federal Employees Compensation Act is the exclusive remedy for a federal employee's injury on the job. *See* 5 U.S.C. § 8116(c) ("The liability of the United States . . . under this subchapter. . . is exclusive and instead of all other liability . . .."). It provides "compensation . . . for the disability or death of an employee resulting from personal injury sustained while in the performance of his [or her] duty . . .." 5 U.S.C. § 8102(a). "When a federal employee's injury falls within the scope of the FECA, its administrative process controls and the employee may not sue the government under the Federal Tort Claims Act, 28 U.S.C. § 1346(b), seeking damages for the injuries." *Fuqua v. United States Postal Service*, 956 F.3d 961, 964 (7th Cir. 2020). "The Secretary of Labor has exclusive authority to administer FECA claims and to decide questions arising under that Act, including whether a claim is covered." *Id.* (citing 5 U.S.C. § 8145). And the Secretary's decision to allow or deny payment under the FECA is "not

subject to review by another official of the United States or by a court by mandamus or otherwise." 5 U.S.C. § 8128(b)(2).

The FECA statute "contains an 'unambiguous and comprehensive' provision barring any judicial review of the Secretary of Labor's determination of FECA coverage. Consequently, the courts have no jurisdiction over FTCA claims where the Secretary determines that FECA applies." *Fuqua*, 956 F.3d at 964 (quoting *Southwest Marine, Inc. v. Gizoni*, 502 U.S. 81, 90 (1991)). Because the Secretary of Labor has the sole authority to determine whether the FECA applies, the courts' role is limited to determining whether a "substantial question" of coverage exists under the FECA. *Id.* But unless it is clear that the FECA does not cover a plaintiff's claim, or unless the Secretary concludes that the claim is not covered by FECA, then a substantial question of coverage exists and courts are precluded from reviewing the claim. *Id.*; *see also Shuford v. United States*, 2014 U.S. Dist. LEXIS 117603, 2014 WL 4199408, at *4 (E.D.N.Y. 2014). This bar extends to situations where the Secretary of Labor exercises jurisdiction over a claim but determines that the injury is not compensable under the FECA. *Id.* Additionally, although the Seventh Circuit has not explicitly stated whether the FECA's exclusivity extends to claims of malpractice stemming from treatment of an FECA-covered injury, this principle is well-established in other circuits. *See Baker v. Barber*, 673 F.2d 147, 150 (6th Cir.1982); *Balancio v. U.S.*, 267 F.2d 135, 137 (2d Cir. 1959); *see also Soltysiak v. United States*, 1991 U.S. Dist. LEXIS 4434, 1991 WL 55750, at *4 (N.D. Ill. 1991). Accordingly, there is no reason to believe the Seventh Circuit would break with this well-established principle.

Under this framework, the record demonstrates that a substantial question of coverage exists under the FECA, and that the Department of Labor exercised jurisdiction over Plaintiff's claim. For starters, the decisions from the Department, at both the hearing representative and

appeals board stage, affirms that it exercised jurisdiction over the merits of Plaintiff's claim. [Dkt. 7-2 at pg. 17]. That determination regarding the exercise of jurisdiction is not subject to review by the Court. *Fuqua*, 956 F.3d at 964.

What's more, the Department of Labor considered Plaintiff's claim on the merits and only denied it on the basis that Plaintiff failed to prove the connection between his diagnosed conditions and his initial injury, not that Plaintiff had not suffered a workplace injury. [Dkt. 7-2 at pgs. 2-5; Dkt. 9 at pgs. 13-18]. The substantial coverage question was thus answered in this case when the Department exercised jurisdiction over the claim, even though it eventually denied the claim on the merits. A denial of a claim based on a lack of proof does not equate to a finding that the claim is not covered under the FECA. *See Smith v. Nicholson*, 287 F. App'x 402, 404 (5th Cir. 2008) (holding that where the Secretary of Labor denied a workplace injury claim "not for lack of coverage under FECA, but for insufficiency of proof," that denial was "fatal to [the plaintiff's] federal court action"); *Bennett v. Barnett*, 210 F.3d 272, 277 (5th Cir. 2000) ("While Bennett submitted her claim, it was not denied because of lack of coverage under the FECA, but for lack of proof. By ruling on the sufficiency of the evidence, the Secretary thought coverage existed. Thus, the district court did not have jurisdiction to try the claim."); *Gonzalez v. United States*, Case No. 12-cv-5408, 2016 U.S. Dist. LEXIS 196584, 2016 WL 11468593, at *3 (E.D.N.Y. 2016) ("[T]he OWCP denied Plaintiff's administrative complaint for insufficient evidence. Such a denial was a determination on the merits, and, therefore, the OWCP determined that Plaintiff's claim was within the FECA's coverage. Accordingly, this Court is deprived of subject matter jurisdiction to adjudicate this claim."); *Borden v. United States*, Case No. 3:10CV374TSL–MTP, 2011 U.S. Dist. LEXIS 96279, 2011 WL 4060227, at *2 (S.D. Miss. 2011) (concluding that "[the Secretary of Labor's] dismissal for lack of sufficient proof of a

compensable injury was a dismissal on the merits, and 'is fatal to his federal court action'") (citing *Smith v. Nicholson*, 287 F. App'x 402, 404 (5th Cir. 2008)); *Scott v. U.S. Postal Serv.*, Case No. 05-0002, 2006 U.S. Dist. LEXIS 68963, 2006 WL 2787832, at *4 (D.D.C. 2006), *aff'd*, 258 F. App'x 333 (D.C. Cir. 2007) ("And even though Scott was ultimately denied compensation under FECA based on a lack of competent medical evidence, that is immaterial to the issue of the Court's jurisdiction."); *Keller v. Dalton*, Case No. 95–CV–0712, 1996 U.S. Dist. LEXIS 842, 1996 WL 36893, at *3 (E.D. Pa. 1996) (holding that the court lacked jurisdiction over claims where the OWCP "found that FECA's coverage extended to Plaintiff, [but] ruled that the evidence before it was insufficient to support the 'alleged mistreatment' of Plaintiff"); *Lewis v. Cisneros*, Case No. 94–3267, 1995 U.S. Dist. LEXIS 1284, 1995 WL 33662, at *2 (E.D. La. Jan. 27, 1995) (dismissing case for lack of jurisdiction because "[t]he Order [from the Department of Labor] expressly denies plaintiff's claims for lack of evidence, not for jurisdictional flaws"); *Cardwell v. United States*, Case No. 92–0107, 1992 U.S. Dist. LEXIS 18571, 1992 WL 368495, at *3 (E.D. Pa. Dec. 3, 1992), *aff'd*, 6 F.3d 778 (3d Cir. 1993) (inferring that the Secretary of Labor determined "that plaintiff's claim is cognizable under the FECA" because the Department of Labor "ruled on the merits of plaintiff's FECA claim"). Therefore, because the Department of Labor affirmatively exercised jurisdiction over Plaintiff's claim, this Court is deprived of jurisdiction over either Plaintiff's exposure-related claim or the subsequent treatment thereafter.

Moreover, Plaintiff's attempt to distinguish *Fuqua v. U.S. Postal Service* is not persuasive. To be sure, *Fuqua* involved a claim for emotional distress and not a claim for medical malpractice, but the general principles identified in that case apply with equal force here. More specifically, *Fuqua* supports that the FECA bars judicial review of the Secretary of Labor's determination of FECA coverage, even where the Secretary ultimately determines that the

employee is not entitled to any benefits. *Fuqua*, 956 F.3d at 964. And since *Fuqua* is one of the few Seventh Circuit decisions providing guidance on FECA's barring provision, and is one of the more recent opinions on the topic, it provides the best guidance here.

In addition, the difficulty with accepting Plaintiff's position—i.e., that he was mistaken about the cause of his initial injury—is that it relies entirely on hindsight and is not based on the considerations at the time that he sought treatment at a governmental facility. For comparison, in *Scalia v. United States*, the district court held that the sole remedy against the United States for injuries sustained by a federal employee alleging medical malpractice, which occurred while the employee was being treated by the Public Health Service, are those under the FECA, even if the treatment is claimed to have been mistakenly provided for an illness which, if properly diagnosed, would not have been covered by the FECA. 475 F. Supp. 1040, 1043 (S.D.N.Y. 1979). In that case, the plaintiff sued the United States on the basis that his medical providers committed malpractice when they failed to diagnose a cancerous condition while providing treatment to him for a lower back strain injury that was believed to be work-related. *Id.* at 1041-1042. Similar to the present case, the plaintiff argued that his condition was not, in fact, work-related and therefore "the Government's erroneous initial belief that his malady was work-related should not [have] estop[ped the] plaintiffs from seeking a remedy which they [believed would] be more generous to them." *Id.* at 1043. In ruling that the plaintiff's exclusive remedy was the FECA, the court noted that the plaintiff's argument inappropriately relied on hindsight, and that such a position would create a perverse incentive for the government to adopt more restrictive practices for providing medical treatment to employees claiming to be injured at work. *Id.*

The Court finds the analysis in *Scalia* persuasive and adopts it here. With respect to Plaintiff's malpractice claim, the proper analytical starting point is the belief at the time the

9

treatment was provided, which, based on the proceedings before the Department of Labor, was that the medical treatment was being provided in response to Plaintiff's allegations that he was injured as a result of his exposure to toxic fumes. Indeed, the Plaintiff consistently alleged in those proceedings that his injuries were the result of his work-related exposure to toxic chemicals and fumes. Thus, because the medical treatment was provided in response to an injury that was regarded as a FECA-covered injury, any malpractice claim that arose out of that treatment would also be covered by the FECA. To hold otherwise would frustrate both the practical and comprehensive functions of the FECA. *See Vottler v. United States*, 904 F.2d 128, 130 (2nd Cir. 1990).

**B. The Dual-Capacity Doctrine.**

Lastly, the Court briefly addresses the applicability of the dual-capacity doctrine, which, although not invoked by name, could be considered implicitly acknowledged by the parties' citation to *Wright v. United States*, 717 F.2d 254, 278 (6th Cir. 1983). The dual-capacity doctrine states that an employer becomes liable to a tort suit if it "'possesses a second persona so completely independent from and unrelated to [its][] status as employer that by established standards the law recognizes it as a separate legal person.'" *Wright*, 717 F.2d at 259. In other words, the dual-capacity doctrine permits a tort action under the FTCA, outside the Department of Labor, where the government's medical treatment is provided primarily in the capacity of a doctor-patient relationship rather than within the employer-employee relationship. *Id.*

This doctrine does not apply here. First, the dual-capacity doctrine is not recognized by the Seventh Circuit, and most other circuits have criticized or outright rejected its application. *See Spinelli v. Goss*, 446 F.3d 159, 161 (D.C. Cir. 2006); *Elman v. United States*, 173 F.3d 486, 490-92 (3d Cir. 1999); *Vottler*, 904 F.2d at 130; *Wilder v. United States*, 873 F.2d 285, 289 (11th

10

Cir. 1989) (per curiam); *Vilanova v. United States*, 851 F.2d 1, 7 n.24 (1st Cir. 1988), *cert. denied*, 488 U.S. 1016, 109 (1989); *Schmid v. United States*, 826 F.2d 227, 229-30 (3d Cir. 1987). In fact, the Sixth Circuit itself, which is the only circuit to ever adopt the dual-capacity doctrine, effectively abandoned and overruled the dual-capacity doctrine line of reasoning in later cases. *See Williamson v. United States*, 862 F. 3d 577, 581-83 (6th Cir. 2017) ("By using *Wright*'s primary holding and declining to rely on the dual-capacity doctrine, we effectively held in *McCall* that *Wright* is correct for its primary holding and not because of its alternative reasoning.[] *McCall* therefore significantly undermines the precedential value of *Wright*'s alternative holding, and thus the entire dual-capacity doctrine, as it applies to FECA"); *McCall v. United States*, 901 F.2d 548, 551-52 (6th Cir. 1990).

Second, even assuming that this doctrine was recognized within this circuit, the medical treatment in this case was not independent and unrelated to Plaintiff's employment; rather, it was provided in reaction to Plaintiff's assertions that he was injured as a result of exposure to toxic fumes. As such, the treatment provided did not transform the Defendant's relationship with the Plaintiff from employer-employee to doctor-patient. Accordingly, the dual-capacity doctrine would not apply here even if it remained good law.

IV. **CONCLUSION**

For the foregoing reasons, the Court grants Defendant's motion [6] and dismisses this action pursuant to Fed. R. Civ. P. 12(b)(1) without prejudice. *See Murray v. Consenco, Inc.*, 467 F.3d 602, 605 (7th Cir. 2006) ("A court that lacks subject matter jurisdiction cannot dismiss a case with prejudice").

11

**SO ORDERED.** **ENTERED: March 20, 2021**

_____

**HON. JORGE ALONSO**
**United States District Judge**