IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| DAVID BOURKE, | ) | |
| | ) | No. 20-cv-4427 |
| Plaintiff, | ) | |
| | ) | Judge Jorge L. Alonso |
| v. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |

## Memorandum Opinion and Order

Plaintiff filed a complaint under the Federal Tort Claims Act alleging medical malpractice committed by health care providers at the Department of Veterans Affairs in Hines, Illinois. Defendant moves to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(6) arguing that the Illinois statute of repose bars Plaintiff's claim. For the reasons below, the Court denies the motion.

## Background

The Department of Veterans Affairs ("VA") employed Plaintiff as a reproduction operator in Hines, Illinois. Initially, Plaintiff claimed that workplace fumes caused him injury. Plaintiff, therefore, sought out and "received medical treatment at the Hines VA Hospital in 2015 from physicians and medical personnel [] employed by the United States." [1] at ¶9. Plaintiff claims that, during this treatment, his health care providers misdiagnosed his condition, failed to advise him of the risks and effects of steroid treatment, prescribed inappropriate medication at an excessive dosage, and failed to monitor his blood levels. As a result, Plaintiff alleges that he suffered injuries including steroid-associated osteoporosis, fracture of thoracic vertebrae, and compression back fractures.

Before filing his lawsuit, Plaintiff filed two administrative claims: (1) a claim before the Department of Labor under the Federal Employees Compensation Act ("FECA") and (2) a claim before the VA under the Federal Tort Claims Act ("FTCA"). On January 31, 2020, the VA denied Plaintiff's claim under the FTCA. On January 27, 2020, the Department of Labor denied Plaintiff's claim. Plaintiff filed this case under the FTCA on July 28, 2020, seeking compensation for the alleged medical malpractice he received at the Hines VA Hospital.

## Legal Standard

"A motion under Rule 12(b)(6) tests whether the complaint states a claim on which relief may be granted." *Richards v. Mitcheff*, 696 F.3d 635, 637 (7th Cir. 2012). Under Rule 8(a)(2), a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This short and plain statement must "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotation marks and alteration marks omitted). Under federal notice-pleading standards, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "In reviewing the sufficiency of a complaint under the plausibility standard, [courts must] accept the well-pleaded facts in the complaint as true, but [they] 'need[] not accept as true legal conclusions, or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements.'" *Alam v. Miller Brewing Co.*, 709 F.3d 662, 665-66 (7th Cir. 2013) (quoting *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009)).

A complaint need not, however, anticipate an affirmative defense. *Richards*, 696 F.3d at 637-38 (reminding judges to "respect the norm that complaints need not anticipate or meet

potential affirmative defenses"). But a plaintiff may plead herself out of court by alleging facts that establish an affirmative defense. *See Cancer Found., Inc. v. Cerberus Capital Mgmt., LP*, 559 F.3d 671, 675 (7th Cir. 2009) (dismissal is appropriate where it is "clear from the face of the amended complaint that it [was] hopelessly time-barred"); *Andonissamy v. Hewlett–Packard Co.*, 547 F.3d 841, 847 (7th Cir. 2008) (stating that "[a] statute of limitations defense, while not normally part of a motion under Rule 12(b)(6), is appropriate where the allegations of the complaint itself set forth everything necessary to satisfy the affirmative defense, such as when a complaint plainly reveals that an action is untimely under the governing statute of limitations") (internal quotations omitted);

## Discussion

Defendant argues that the Illinois statute of repose bars Plaintiff's FTCA claim. Under the FTCA, the United States is liable "for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b)(1). The statute further provides that the United States is liable under the FTCA "in the same manner and to the same extent as a private individual under like circumstances." 28 U.S.C. § 2674.

Illinois's statute of repose states that no action for medical malpractice shall be brought more than two years after the date on which the claimant knew, or through the use of reasonable diligence, should have known, of an injury's existence for which it seeks damages, "but in no event shall such action be brought more than 4 years after the date on which occurred the act or omission or occurrence alleged in such action to have been the cause of such injury or death."

3

735 ILCS 5/13–212(a). The statute of repose is not a procedural rule but "a substantive limitation on the tort of medical malpractice" that functions as an absolute bar to an action. *Augutis v. United States*, 732 F.3d 749, 754 (7th Cir. 2013). The statute of repose bars a claim no matter when the cause of action accrues by establishing a certain date for terminating actions and can even end a right of action before the right ever accrues. *Id.* at 753.

Two exceptions, though, can toll the statute of repose in medical malpractice cases. The first is the fraudulent concealment exception, which permits tolling where a defendant "fraudulently conceals the cause of action from the knowledge of the person entitled thereto…[.]" 735 ILCS §13-215. The second is the ongoing negligent treatment exception. This exception tolls the statute of repose where a plaintiff shows an ongoing course of continuous negligent medical treatment. *Cunningham v. Huffman*, 154 Ill.2d 398, 406 (1993).

In *Augutis v. United States*, the Seventh Circuit held that the Illinois statute of repose applies to FTCA actions. Plaintiff, however, contends that *Augutis* is incorrect. He argues that Congress declined to enact a statute of repose in FTCA cases and cites a passage from the Supreme Court case *Egbert v. Boule*, - U.S. -, 142 S. Ct. 1793 (2022), referencing the fact that creating a cause of action is a legislative endeavor. *Id.* at 1802. But the Court fails to see how this statement applies here. *Egbert* did not concern the FTCA statute or whether a state law statute of repose applies. More importantly, *Augutis* squarely addresses the legislative source of authority for applying the statute of repose—finding that the FTCA incorporates the statute and its corresponding limitations through its explicit inclusion of substantive law where the tortious act or omission occurred. 732 F.3d at 752. Put simply, *Augutis* is controlling, and this Court will follow that decision.

4

Turning to the complaint, Defendant's argument is straightforward. It argues that Plaintiff's claim is barred because he alleges that his negligent care occurred in 2015 but did not file his lawsuit until July 2020—outside the four-year statute of repose. Plaintiff responds that: (1) he could not have filed his claim until the Secretary of Labor concluded that the FECA did not cover his injuries; (2) a motion for summary judgment, not a motion to dismiss, is the appropriate vehicle for addressing affirmative defenses; and (3) factual disputes preclude granting Defendant's motion.

First, the Court disagrees that it lacked jurisdiction over Plaintiff's FTCA claim before the Secretary of Labor concluded that the FECA did not cover Plaintiff's injuries. To be certain, FECA liability is exclusive. *See* 5 U.S.C. § 8116(c). But the FTCA is an unambiguous, albeit not absolute, waiver of sovereign immunity where the FECA does not apply. *See* 28 U.S.C. § 1346(b). Although district courts must allow the Secretary of Labor to determine if the FECA applies when a case raises a substantial question of FECA coverage, courts do not instantly lose subject-matter jurisdiction over cases that involve such a question.

If the Secretary determines that the type of claim involved does not implicate the FECA, then an FTCA claim may proceed. *See Noble v. United States*, 216 F.3d 1229, 1235 (7th Cir. 2000); *White v. United States*, 143 F.3d 232, 239 (5th Cir. 1998); *McDaniel v. United States*, 970 F.2d 194, 198 (6th Cir. 1992); *DiPippa v. United States*, 687 F.2d 14, 20 (3rd Cir. 1982). Put differently, even if a district court finds it unlikely that a claim falls outside the scope of the FECA, subject-matter jurisdiction over the case remains with the court until the Secretary has made its determination. *See Collins v. United* States, 564 F.3d 833, 838 (7th Cir. 2009) ("Thus, 'to say that Congress has authorized the federal courts to decide a class of disputes is to say that

5

subject-matter jurisdiction is present'") (quoting *United States v. T&W Edmier Corp.*, 465 F.3d 764, 765 (7th Cir. 2006)); *see also Mathirampuzha v. Potter*, 548 F.3d 70, 83-84 (2d. Cir. 2008).

Indeed, this approach comports with the Seventh Circuit's instruction in *Fuqua v. United States Postal Service* that district courts should stay litigation pending a final determination from the Secretary in cases that raise a substantial question of FECA coverage. 607 Fed. Appx, 570, 572 (7th Cir. 2015). Otherwise, if district courts truly lacked jurisdiction, the Seventh Circuit would have explained that the proper course would be to dismiss the case without prejudice pending a final determination by the Secretary.

Accordingly, the Court retained subject-matter jurisdiction over Plaintiff's FTCA claim while his FECA claim was pending before the Secretary. Although Plaintiff did not receive a final response from the VA until January 31, 2020 (this was in relation to a request for reconsideration, his initial claim was denied in January of 2017), he was free to bring an action in federal court under 28 U.S.C. § 2675(a) (the "deemed denied" provision) after six months of waiting for a final disposition. And as discussed above, if Plaintiff filed his FTCA claim before receiving a decision from the Secretary of Labor on his administrative appeal, the appropriate course would have been to stay proceedings until the Secretary made a final determination on whether the FECA provided the exclusive remedy for Plaintiff's claim. *See Fuqua v. United States Postal Service*, 956 F.3d 961, 963 (7th Cir. 2020).

Second, the Court disagrees that it is necessarily inappropriate to grant Defendant's motion because it raises an affirmative defense in a motion to dismiss. Where a plaintiff pleads facts that establish an affirmative defense and both sides have briefed the issue, practical considerations—i.e., discovery costs, attorneys' fees, and judicial efficiency—provide courts with ample reasons to resolve a dispositive point of law early in a case. *See Rice v. United States*,

6

Case No. 14-CV-3278, 2014 WL 6704577, at *3 (N.D. Ill. Nov. 26, 2014). It is not a case's stage of litigation, but the pleadings and allegations that determines if a court should grant a motion to dismiss based on an affirmative defense.

That leaves Plaintiff's remaining argument regarding factual disputes. Plaintiff argues, in summary, that dismissal is inappropriate because the complaint does not contain enough facts to establish whether either exception to the statute of repose might apply. For instance, Plaintiff alleges in his complaint that he received medically negligent treatment at the Hines VA Hospital in 2015. But in his response brief he further elaborates that documents submitted in Defendant's first motion to dismiss show that health care professionals treated him from February 13, 2014, to October 12, 2017. Defendant disagrees, arguing that the factual disputes Plaintiff identifies are meaningless or hypothetical and do not preclude application of the statute of repose.

The Court agrees with Plaintiff that he has not alleged, and thus not admitted, all the ingredients necessary to establish the statute of repose affirmative defense. *See U.S. Gypsum Co. v. Indiana Gas Co., Inc.*, 350 F.3d 623, 626 (7th Cir. 2003) (holding that complaint need not overcome affirmative defenses). As a result, he has not pled himself out of court.

Because a plaintiff need not plead all the facts necessary to show recovery for a particular legal theory, it is permissible to supplement a complaint with factual assertions in a brief to forestall dismissal so long as those assertions are consistent with the allegations in the complaint. *See Walker v. Thompson*, 288 F.3d 1005, 1008 (7th Cir. 2002); *Albiero v. City of Kankakee*, 122 F.3d 417, 419 (7th Cir. 1997); *Gutierrez v. Peters*, 111 F.3d 1364, 1367 n.2 (7th Cir. 1997). If the additional assertions show that the plaintiff has a claim, then dismissing the complaint is error. *Albiero*, 122 F.3d at 419. But a court must not consider additional factual assertions if those assertions are inconsistent with the complaint's allegations. *See Guise v. BWM Mortgage,*

*LLC*, 377 F.3d 795, 799 (7th Cir. 2004); *Holman v. Indiana*, 211 F.3d 399, 405-07 (7th Cir. 2000). "Inconsistent" in this context typically means contradictory. *See, e.g.*, *Guise*, 377 F.3d at 799; *Holman*, 211 F.3d at 405-07.

In this case, the Court finds that Plaintiff's supplemental allegations are not contradictory to the allegations in his complaint and suffice to forestall dismissal at this stage. To be sure, Plaintiff's allegations are sparse and far from a model of clarity. For example, Plaintiff states that he "received medical treatment at the Hines VA Hospital in 2015 from physicians and medical personnel" and that while providing the described treatment, his health care providers breached the appropriate standard of care. [1] at ¶9. The Court can see why Defendant argues that this allegation conflicts with Plaintiff's brief stating that his treatment continued until 2017. But reading these allegations liberally and viewing them in the light most favorable to the Plaintiff, as it must here, the Court does not read them to foreclose the possibility of treatment, or even negligent treatment, after 2015. *See Harrell v. Cook*, 169 F.3d 428, 431 (7th Cir. 1999) ("Instead, as is always the case with a Rule 12(b)(6) ruling, we take the allegations of the plaintiffs' complaint as true, construing them liberally and viewing them in the light most favorable to the plaintiffs").

Defendant also argues that Plaintiff does not allege any further *negligent* treatment in these additional allegations. But again, the Court must read and construe all allegations in Plaintiff's favor at this point. And it is not difficult to imagine a scenario where the alleged negligent treatment in this case continued beyond 2015 if indeed Plaintiff was treated up until 2017. In short, the Court requires a more developed record to evaluate whether Illinois's statute of repose bars Plaintiff's claim and whether any exception applies.

8

## Conclusion

For the reasons above, the Court denies Defendant's motion to dismiss [22]. Defendant's answer is due on or before 12/28/22. An initial status hearing is set for 1/5/23 at 9:30 a.m. The Court directs the parties to engage in a Fed. R. Civ. P. 26(f) conference before the hearing and submit, three days before the hearing, a joint initial status report in accordance with the Court's standing order. In addition to the topics identified in the Court's standing order, the parties should also propose deadlines for the filing of amended pleadings and motions to join other parties.

**SO ORDERED.**                                            **ENTERED: December 14, 2022**

                                                                                            **HON. JORGE ALONSO**
                                                                                            **United States District Judge**